**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

OSG SHIP MANAGEMENT, INC., and 1372
TANKER CORPORATION as owner of the M/V
OVERSEAS MULAN (IMO NO. 9230880),

                              Plaintiffs,

                - against -

O.W. BUNKER USA INC., OW BUNKER
MIDDLE EAST DMCC, CHEMOIL
CORPORATION, CHEMOIL MIDDLE EAST
DMCC, GPS CHEMOIL LLC FZC, and ING
BANK NV

                          Defendants.

Case No. 14-cv-9973 (VEC)

**ANSWER OF ING BANK N.V. TO**
**THE COMPLAINT FOR**
**INTERPLEADER AND**
**COUNTERCLAIM**

        Defendant ING Bank N.V. ("ING Bank" or the "Bank") by its attorneys, Seward & Kissel LLP, answers Interpleader Plaintiff OSG Ship Management, Inc.'s ("OSG" or "Plaintiff") Complaint for Interpleader (the "Complaint") as follows:

        ING Bank denies each allegation in the Complaint except as hereinafter specifically admitted.  With regard to the specific allegations of the numbered paragraphs of the Complaint, ING Bank responds as follows:

        1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

        2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

        3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5.      The allegations in paragraph 5 of the Complaint state conclusions of law which require no response.  To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11.     Admits the allegations in paragraph 11 of the Complaint.

12.     The allegations contained in paragraph 12 of the Complaint state conclusions of law which require no response.  To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

13.     The allegations contained in paragraph 13 of the Complaint state conclusions of law which require no response.  To the extent a response is required, ING Bank denies

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14.     The allegations contained in paragraph 14 of the Complaint state conclusions of law which require no response.  To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15.     The allegations contained in paragraph 15 of the Complaint state conclusions of law which require no response.  To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16.     The allegations contained in paragraph 16 of the Complaint state conclusions of law which require no response. To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17.     The allegations contained in paragraph 17 of the Complaint state conclusions of law which require no response. To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18.     The allegations contained in paragraph 18 of the Complaint state conclusions of law which require no response. To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint.

34.     The allegations contained in paragraph 34 of the Complaint state conclusions of law which require no response. To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint.

37.     States that the allegations in paragraph 37 state conclusions of law which require no response.  To the extent a response is required, ING Bank states that it acts as the Security Agent (the "Security Agent") under that certain USD 700,000,000 Multicurrency Revolving Borrowing Base Facilities Agreement, dated as of December 19, 2013 (the "Credit Agreement"), and the related English Omnibus Security Agreement, dated as of December 19, 2013 (the "Security Agreement," and together with the Credit Agreement and all other agreements related or ancillary thereto, the "Finance Documents"), each among ING Bank, defendant O.W. Bunker

USA Inc. (together with O.W. Bunker Holding North America Inc. and O.W. Bunker North America Inc., the "OW Bunker Debtors"), defendant O.W. Bunker Middle East DMCC, O.W. Bunker & Trading A/S and certain of their affiliates.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint.

41.     States that the allegations in paragraph 41 state conclusions of law which require no response.  To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint.

42.     States that the allegations in paragraph 42 state conclusions of law which require no response.  To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint.

43.     The allegations in paragraph 43 state conclusions of law which require no response.  To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint.

44.     The allegations in paragraph 44 state conclusions of law which require no response.  To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint.

45.     The allegations in paragraph 45 state conclusions of law which require no response.  To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint.

46.     The allegations in paragraph 46 state conclusions of law which require no response.  To the extent a response is required, ING Bank denies the allegations in paragraph 46 of the Complaint.

To the extent a response to the allegations contained in the "prayer" paragraph, including all subparts, of the Complaint is required, those allegations are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

47.     The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

48.     Plaintiff has failed to demonstrate that there is a legitimate threat posed of multiple liability for the same obligation against it in this case, under statutory interpleader, rule interpleader or otherwise.

### THIRD AFFIRMATIVE DEFENSE

49.     Plaintiff is not entitled to be discharged from its obligation to pay on its contract invoice.

### FOURTH AFFIRMATIVE DEFENSE

50.     Plaintiff is not a disinterested or nominal party, and interpleader accordingly is improper under these circumstances.

### FIFTH AFFIRMATIVE DEFENSE

51.     Plaintiff's interpleader action is or may be in violation of the automatic stay, 11 U.S.C. § 362 *et seq*.

<u>SIXTH AFFIRMATIVE DEFENSE</u>

52.     Recovery of attorney's fees is not permissible in this case because such recovery is not permitted by agreement between the parties, by statute or by court rule.

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

53.     ING Bank has not knowingly or voluntarily waived any applicable affirmative defenses and reserves the right to assert, and rely upon, such additional affirmative defenses as may become available or apparent as discovery commences and progresses in this action.

**COUNTERCLAIM AND RESERVATION OF RIGHTS**

1.     Interpleader Defendant ING Bank, by way of counter-claim against Interpleader Plaintiff OSG and without waiving any rights, priorities, claims, defenses, or affirmative defenses, including those mentioned above, alleges as follows:

<u>PRELIMINARY STATEMENT</u>

2.     OW Bunker & Trading A/S was an international provider of marine fuels that commenced in-court restructuring proceedings at the probate court in Alborg, Denmark in November 2014.

3.     Certain other O.W. Bunker group entities have subsequently commenced insolvency proceedings in jurisdictions around the globe.

4.     ING Bank is the Security Agent under the Finance Documents.

5.     After the bankruptcy of the OW Bunker Debtors, OSG and other parties brought similar interpleader actions in this Court as well as other jurisdictions.

6.     This filing was made in contravention of the bankruptcy court's automatic stay under 11 U.S.C. § 362 *et seq*.

FIRST COUNTERCLAIM
(against Interpleader Plaintiffs OSG Ship Management, Inc. and 1372 Tanker Corporation
for the Disputed Funds)

7.      ING Bank repeats and realleges paragraphs 1 through 6, as well as its averments with respect to the allegations of the Complaint above, as if fully set forth herein.

8.      Pursuant to the Finance Documents, certain O.W. Bunker entities, including defendants O.W. Bunker USA Inc. and O.W. Bunker Middle East DMCC, have assigned by way of security to ING Bank all of their rights in respect of all amounts owing by OSG under its supply contracts, including the unpaid invoices, totaling $2,024,393.25, plus interest on late payments pursuant to O.W. Bunker's standard terms and conditions (the "Disputed Funds").

9.      OSG admits that it owes and has not paid the Disputed Funds to any O.W. Bunker entity.

10.     OSG is obligated to pay the Disputed Funds to the applicable O.W. Bunker entity; and the relative rights to those funds may then be determined in these or related proceedings.

RESERVATION OF RIGHTS

11.     ING Bank repeats and realleges paragraphs 1 through 10, as well as its averments with respect to the allegations of the Complaint above, as if fully set forth herein.

12.     On November 13, 2014, the OW Bunker Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

13.     ING Bank reserves the right to assert additional counter- or cross-claims or defenses, as necessary, against the parties to this action, including but not limited to claims or defenses it has regarding its status as senior secured creditor in respect of customer supply receivables owing to applicable O.W. Bunker entities.  Such claims and defenses are neither necessary nor required to be asserted herein *inter alia*, as they are the subject of a pending adversary proceeding between ING Bank and OW Bunker Debtors in Connecticut.

## PRAYER

WHEREFORE, ING Bank requests that the Court enter an order finding:

(1) Plaintiff has failed to state an appropriate claim for interpleader on the particular facts and circumstances asserted herein,

(2) Plaintiff is not entitled to be discharged from liability upon its obligation to pay all amounts payable under the invoices referenced in the Complaint without setoff or reduction,

(3) that this proceeding be dismissed with prejudice,

(4) that ING Bank be awarded judgment on its counterclaim, its attorneys' fees, interest, costs and expenses incurred in this action, and

(5) for such other and further relief as is just and proper.

New York, New York
March 13, 2015

SEWARD & KISSEL LLP

By:____s/   Bruce G. Paulsen_____
       Bruce G. Paulsen
       Brian P. Maloney
One Battery Park Plaza
New York, New York 10004
(212) 574-1200
paulsen@sewkis.com
maloney@sewkis.com

SK 28644 0001 6349408

10