**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/27/2021

# MONTGOMERY McCRACKEN
ATTORNEYS AT LAW

**Robert E. O'Connor**
New York Managing Partner

437 Madison Avenue
New York, NY 10022
Tel: 212-867-9500

Direct Dial:   212-551-7794
Email:   roconnor@mmwr.com

September 24, 2021

**Via Email**

The Honorable Valerie E. Caproni
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

　　　　Re:　*OSG Ship Management, Inc. v. O.W. Bunker USA Inc.*,
　　　　　　Case No. 14 Civ. 9973

Dear Judge Caproni,

　　　　The undersigned law firm represents Defendant O.W. Bunker USA Inc. ("OW USA") in the above-captioned consolidated interpleader action. Pursuant to Your Honor's Individual Rules of Practice in Civil Cases, we respectfully submit this letter for leave (1) to seal the highlighted portion of the enclosed *Stipulation and Proposed Order for Dismissal with Prejudice of OSG Ship Management, Inc., and Order for Discharge from Further Liability in this Interpleader Action* (the "Stipulation") and (2) to seal the docket entry reflecting the amount of the withdrawal from the Court Registry Investment System ("CRIS") during the pendency of related cases.[1] Taking these limited steps is appropriate in light of Second Circuit precedent because the redactions are narrowly tailored, the public interest in release of such material is negligible, and even if any presumption applied, such interest is outweighed by the interests outline in more detail below.

---

[1] This Court granted substantially similar requests for leave to redact in *Clearlake Shipping Pte. Ltd. v. O.W. Bunker (Switzerland) SA*, Case No. 14 Civ. 9287 (VEC), Docket No. 263 (S.D.N.Y. Sept. 21, 2018) and *Nippon Kaisha Line Limited v. O.W. Bunker USA Inc.*, Case No. 14 Civ. 10091 (VEC), Docket No. 221 (S.D.N.Y. Mar. 4, 2019).

Montgomery McCracken Walker & Rhoads LLP

Hon. Valerie E. Caproni
September 24, 2021
Page 2

Plaintiff OSG Ship Management, Inc. ("OSG") and Defendants Chemoil Middle East DMCC and GPS Chemoil LLC FZC (collectively, "Chemoil") consent to this letter motion.

I. **The Information to be Sealed Does Not Constitute a "Judicial Document" Under *Lugosch* and a Presumption of Public Access Should Not Apply**

A document filed with a court is not necessarily a "judicial document"; instead, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 115 (2d Cir. 2006) (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). OW USA's application seeks only to redact the highlighted information within the Stipulation and to seal the related docket entry reflecting the amount of the withdrawal from the Court's registry. Unlike the documents in *Lugosch*—which the court relied on when making its summary judgment determination—the information sought to be sealed here is not relevant to the performance of the judicial function or useful in the judicial process (*e.g.*, a summary judgment determination). Here, by contrast, the information sought to be sealed is similar to that referenced in *Perez v. Jupada Enterprises* where the parties' "settlement documents were not filed with the court and were not the basis for the court's adjudication." *Perez v. Jupada Enterprises, Inc.*, Case No. 10 Civ. 3118 (JMF), 2012 WL 3042928, at *4 (S.D.N.Y. July 25, 2012) (granting application to seal with respect to redactions of letters that referred to terms of a confidential settlement agreement) (citing *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004)). Accordingly, the presumption of public access should not apply under these circumstances.

II. **If the Presumption of Public Access Applies, It Is Weak Given the Narrowly Tailored Redactions, and It Is Outweighed by Competing Concerns**

Even if such a presumption applied, however, OW USA's request is narrowly tailored and seeks to redact only that portion of the Stipulation relating to the terms of a confidential settlement agreement and the amount of funds to be remitted to OSG from the CRIS. As relevant here, the Second Circuit has found that passing references to the amount of a confidential settlement agreement has at

most an attenuated connection to the interests sought to be preserved by the presumption of public access to judicial documents. *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004) (finding the presumption was "weak" when the amount of the settlement was confidential).

Redacting only those portions of the Stipulation pertaining to the amounts of the parties' confidential settlement agreement is narrowly tailored to serve the parties' interest and outweighs any presumption that might apply. The confidential settlement agreement was entered into following the conclusion of a confidential mediation process and which the parties entered into with the expectation that its terms would remain confidential. *Sellick v. Consol. Edison Co. of New York, Inc.*, Case No. 15 Civ. 9082 (RJS), 2017 WL 1133443, at *8 (S.D.N.Y. Mar. 23, 2017) ("the parties' interest in maintaining the confidentiality of their settlement is clearly a countervailing interest that may overcome the presumption in favor of open records where, as here, the settlement itself was conditioned on confidentiality … The Court finds that Plaintiff's limited redaction requests of details related to her contemplated confidential settlement are narrowly tailored to serve the parties' interest in maintaining the confidentiality of their settlement.") (internal quotations and citation omitted)).

Furthermore, the disclosure of non-public commercially sensitive information may well create unexpected transaction costs and inefficiencies among the parties, disrupting the expectation of confidentiality. *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming narrowly tailored redaction of financial data that would subject disclosing party to "financial harm" and "competitive disadvantage"). In *Standard Inv. Chartered*, the Second Circuit affirmed the National Association of Securities Dealers' ("NASD") analogous request to redact financial data where "an outsider with knowledge … could upon viewing the facts and figures in NASD's records, use that information to deduce NASD's negotiation tactics" which could pose competitive disadvantage to NASD. *Id*. (internal quotations and citation omitted). Here, the redacted portions of the Stipulation contain commercially sensitive information that could potentially prejudice negotiations in numerous pending related cases in which the same issues might arise. Redacting the suggested portions of the Stipulation and sealing the docket entry reflecting the amount of the withdrawal from the CRIS, at least during the pendency of these related cases, is a

Montgomery McCracken Walker & Rhoads LLP

Hon. Valerie E. Caproni
September 24, 2021
Page 4

narrowly tailored step that properly balances any presumption of public access with the parties' countervailing commercial interests and expectation of confidentiality.

    For the foregoing reasons, OW USA, with the consent of OSG and Chemoil, respectfully requests leave (1) to seal the highlighted portion of the enclosed Stipulation and (2) to seal the docket entry reflecting the amount of the withdrawal from the CRIS.  Please do not hesitate to contact the undersigned if you have any questions or comments.

    Respectfully submitted,

    /s/ Robert E. O'Connor

    Robert E. O'Connor

Encl.:  Stipulation (with proposed redactions highlighted)
cc:  All Counsel of Record (by email)

---

Application GRANTED.

By no later than **Friday, October 1, 2021**, the parties must file an unredacted version of the proposed stipulation and order.  The parties may file the unredacted version under seal on ECF or they may email a copy to Chambers.

SO ORDERED.

*[signature: Valerie Caproni]*   Date: September 27, 2021

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE